499 P.2d 1374 (1972)
In the matter of the Compensation of Ann Marie RANSOM, Claimant.
Ann Marie Ransom, Appellant,
v.
United States National Bank of Oregon, Respondent.
Court of Appeals of Oregon, Department 2.
Argued and Submitted June 19, 1972.
Decided July 27, 1972.
*1375 George M. Joseph, Portland, argued the cause for appellant. With him on the brief were Richard C. Bemis, and Bemis, Breathouwer & Joseph, Portland.
Marshall C. Cheney, Jr., Portland, argued the cause for respondent. With him on the brief were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.
Before SCHWAB, C.J., and LANGTRY and FOLEY, JJ.
SCHWAB, Chief Judge.
The opinion of the trial judge adequately states and correctly decides the issue on this appeal.
"The employer through its carrier has moved to dismiss this appeal for the reason that it was not commenced within 30 days from the date of mailing copies of the order of the Board.
"The facts are clear:
"1. The order of the Board was mailed to the parties May 10, 1971.
"2. Notice of appeal to the Circuit Court was received in the clerk's office May 13, 1971.
"3. The notice reflects that service thereof was made upon claimant, the employer, the insurer and the employer's attorney on May 12, 1971.
"4. The notice did not reflect service upon the Board. The Board was not in fact served until August 25, 1971, or 107 days after the order of the Board was mailed May 10, 1971.
"ORS 656.295(8) provides in part:
"`An order of the board is final[1] unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the circuit court for judicial review pursuant to ORS 656.298.'
"ORS 656.298 provides in substance that a party may appeal from a Board order within the time limit specified in ORS 656.295, i.e., within 30 days from the date of mailing copies of the order.
"ORS 656.298 further states that judicial review shall be commenced by serving a copy of a notice of appeal on the Board and filing the original with proof of service endorsed thereon.

"I conclude from a fair reading of the foregoing statutes that the legislature intended that appeals to the Circuit Court were to be `commenced' within 30 days from the date of mailing the order of the Board. An appeal is `commenced' when notice is served on the Board and the other parties and filed with proof of service endorsed thereon.
"This appeal was not `commenced' within 30 days of the Board's order because notice was not served on the Board within that time. As the appeal was not timely commenced, this Court has no jurisdiction to hear the same even though the adverse parties were not, in this case at least, prejudiced by the absence of timely notice to the Board.
"The employer's motion is allowed and the appeal should be dismissed.
"* * *."
Claimant relies principally on Stroh v. SAIF, 93 Or.Adv.Sh. 1819, 492 P.2d 472 (1972), as her authority for the proposition that her late service upon the Board may *1376 be excused. Stroh dealt with actual notice being served and received within the statutory period. The court there held that such notice was sufficient, but went on to point out:
"* * * [I]f the interested parties had not actually received the mailed notification, plaintiff's failure to send by certified or registered mail would have conclusively established that legal notice had not been given * * *." 93 Adv. Sh. at 1821, 492 P.2d at 474.
We define "legal notice" as meaning notice within the time prescribed by statute, and we read Stroh as interpreting  not dispensing with  the statutory requirements.
Affirmed.
NOTES
[1] We note that the Board has continuing authority to, on its own motion, "* * * from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified." ORS 656.278(1). It thus appears that the legislature intended the word "final" as it is used in ORS 656.295(8) to mean final so far as judicial review is concerned, not unchangeable by any means.