Argued February 27, affirmed March 26, petition for
rehearing denied April 19, 1973

MURPHY (No. 379-862), *Appellant, v.* STATE
ACCIDENT INSURANCE FUND, *Respondent.*

508 P2d 227

*Edwin A. York,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is a workmen's compensation case in which the claimant appeals from a circuit court order affirming the Workmen's Compensation Board's and hearing officer's dismissal of his claim for increased compensation on account of alleged aggravation.

The claim was related to injuries the claimant received in August 1966. The claim for these injuries was accepted by the employer and on November 12, 1968 a determination order was issued allowing an award therefor. The claimant received lump sum payment of the award.

In May 1970 the claimant underwent further examination which indicated cervical spine disc trouble and surgery to correct that trouble followed. For this,

a claim for increased compensation on account of aggravation of the 1966 injuries was filed. At a hearing on this, the claimant testified that during the pendency of the aggravation claim the lumbar area of his spine became symptomatic, requiring surgery twice. This was a surprise to his attorney, and the hearing was continued for the purpose of securing additional medical reports. The record is silent as to whether the parties agreed to include the lumbar injury in the pending aggravation claim. However, at the continued hearing the claimant submitted three pages of hospital records relating to the lumbar injury and the corrective surgery therefor. After consideration of the new evidence and completion of the hearing, the hearing officer held: (1) that the claim relating to the cervical spine pathology was compensable as an aggravation, and (2) that the claim relating to the lumbar pathology was not compensable as an aggravation because there was no evidence causally connecting it to the original injury. The order issued contained the statutory notice of right to request Board review. No such request was timely filed.

Twelve days after the review notice time expired, claimant filed a new aggravation claim based on the same lumbar pathology. This claim was supported by an opinion of Dr. Seres. The substance of that report had been considered in the previous proceeding. The Fund entered a special appearance at the ensuing hearing, objecting to jurisdiction on grounds that the claim was res judicata. The claim was dismissed.

The Board and the circuit court affirmed.

Claimant contends that the first order relating to the lumbar pathology was void and does not preclude the claimant from basing a new aggravation

claim on the medical evidence presented at the first hearing. He argues that the claim for the lumbar pathology was not properly incorporated into the rest of his aggravation claim because it was first raised after the commencement of the aggravation hearing on the cervical disc claim, and he received no formal written notice denying his claim or advising him of his statutory right to file a request for hearing.

■ The thrust of the latter argument is that strict compliance with the statutory notice procedure provided in ORS 656.262 (5) and (6) was required.[1] This contention has no merit. Failure to strictly comply with a notice requirement does not necessarily preclude jurisdiction over a claim where no prejudice results from the failure to give such notice. *See Stroh v. State Accident Ins. Fund,* 261 Or 117, 492 P2d 472 (1972); *see also* ORS 656.265 (4) (a) which provides that, where the employer or Fund is not prejudiced by failure of notice, it will not constitute a bar to the

---

[1] ORS 656.262 (5) and (6) provide:

"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant and the board by the fund and direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. The fund shall also furnish the contributing employer a copy of the notice of acceptance.

"(6) If the State Accident Insurance Fund, the direct responsibility employer itself or its insurance carrier qualified under subsection (1) of ORS 656.405 or any other duly authorized agent of such employer for such purpose on record with the Workmen's Compensation Board denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the workman of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the board, and to the contributing employer by the fund. The workman may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial."

filing of a claim. There was no prejudice to claimant in the case at bar.

■ Claimant interposed the issue of the lumbar pathology while testifying on his original aggravation claim. The hearing was continued for four months to enable him to present medical evidence relating to this "new" issue. Claimant did not object to this procedure, or indicate that he did not understand that the lumbar issue was being incorporated into the existing aggravation claim. No other reason existed for the continuance. Therefore, lack of formal written notice did not preclude hearing the new issue.[2]

■ Claimant argues that the determination was a nullity because it was "partial denial" of the aggravation claim. Claimant broadly contends that a partial denial of a claim is not authorized by the workmen's compensation act. We think that the authority to approve or reject claims and set the extent of award therefor necessarily carries with it the authority to allow in part and reject in part in the absence of specific language regulating the authority conferred.

Claimant contends that, in the absence of express statutory authorization therefor, Rules of Practice and Procedure of Administrative Order WCB No. 4-1970, Art 3.04, which authorizes an employer to deny partially a claim and to accept liability for a part, is invalid.[3] If this argument has validity, it misses its

---

[2] There was no prejudice here. It might well be better practice to make an amendment in the claim under these circumstances.

[3] Art 3.04 provides:

"Partial Denials. Where the employer or SAIF acknowledges and accepts liability for a portion of a claim, but denies any responsibility for another condition suffered by the claimant

mark in the case at bar. Here, no evidence suggests that the employer or insurer issued a partial denial. We do not reach the question of whether Art 3.04 is valid. A finding on that question would have no controlling effect with reference to the hearing officer's or the Board's powers, and we have not been cited, nor have we found, any precedent or statute to support claimant's contention.

Affirmed.

---

requiring treatment or causing disability which the claimant asserts is compensably related to the accidental injury, the employer may issue a partial denial of the claim in the manner provided by rules 2.04 and 3.01, 3.02 and 3.03 and the respective rights and liabilities of the parties as to the compensability of such other condition shall be thereby determined."