Argued January 21, reversed February 18, 1975

# STEVENS, *Appellant, v.* STATE ACCIDENT INSURANCE FUND, *Respondent.*

531 P2d 921

*Robert L. Ackerman,* Springfield, argued the cause for appellant. With him on the brief were Babcock, Ackerman & Hanlon and William A. Babcock, Springfield.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This case involves a dispute as to whether or not claimant suffered a compensable heart attack, and as to the procedures which must be followed in connection with such a claim. Claimant appeals from an order of the circuit court reversing an order of the Workmen's Compensation Board (Board) and affirming a notice of denial of claimant's claim by the State Accident Insurance Fund (SAIF).

Claimant makes two assignments of error: (1) the circuit court was without jurisdiction to review the Board's order in that SAIF did not comply with ORS 656.298(3)[1]; and (2) the court erred in concluding

---

[1] ORS 656.298(3) provides:

"(3) The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board and on the other parties who appeared in the review proceedings, and by filing with the clerk of the circuit court the original notice of appeal with proof

that claimant was not actually working at the time he was stricken.

The events giving rise to this appeal are as follows:

On May 24, 1973, claimant suffered an acute inferior myocardial infarction (heart attack) while at work as a veneer puller on the green chain for the Douglas County Lumber Company. On August 1, 1973, claimant submitted a claim for workmen's compensation to his employer. On October 10, 1973, his claim was denied on the grounds that (1) there was insufficient evidence that claimant had sustained an accidental personal injury and (2) the condition requiring treatment was not the result of the activity described. On October 18, 1973, claimant filed a request for a hearing with the Board. The initial request was denied, and claimant made an amended request for a hearing which was granted. The hearing was held on January 29, 1974, before a referee, and on March 4, 1974, the referee entered his opinion and order finding the claim to be compensable. On March 18, 1974, SAIF requested a Board review of the referee's order, and on July 30, 1974, the Board entered its order affirming the order of the referee. On August 7, 1974, SAIF filed a request for judicial review in circuit court, and on November 12, 1974,

---

of service indorsed thereon. The notice of appeal shall state:

"(a) The name of the person appealing and of all other parties.

"(b) The date the order appealed from was filed.

"(c) A statement that the order is being appealed to the circuit court.

"(d) A brief statement of the relief requested and the reasons the relief should be granted."

the circuit court entered its order reinstating the denial of the claim, dated October 10, 1973. It is that order from which claimant appeals.

In his first assignment claimant contends that the circuit court was without jurisdiction to review the Board's ruling because SAIF did not supply a brief statement of the relief requested and reasons why the relief should be granted as required by ORS 656.298(3).

SAIF's request for judicial review reads as follows:

"Comes now the State Accident Insurance Fund, by and through the Department of Justice, and respectfully requests the above entitled court to review the Order on Review of the Workmen's Compensation Board, dated the 30th day of July, 1974, and the Opinion and Order of Referee J. Wallace Fitzgerald, dated the 4th day of March, 1974, in their entirety."

SAIF concedes, in its brief, that the statute was not strictly complied with, in respect to setting out the exact relief requested and the basis therefor, but argues that ORS 656.298(3) is not a jurisdictional statute and that the circumstances surrounding the circuit court review indicate that notice, as required by statute, was actually received by claimant.

We have made an examination of the legislative history of ORS 656.298(3), but find that it is of no value in determining whether strict compliance with the statute is a necessary prerequisite for jurisdiction.

SAIF cites *Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972), as authority for its contention that ORS 656.298(3) is not a jurisdictional statute. While we

do not find *Stroh* to be directly on point, the rationale of that case is applicable here. In *Stroh* that portion of ORS 656.298(3) which requires notice of appeal to be served by registered or certified mail was in issue. Our Supreme Court, in a liberal application of this procedural requirement, held that a failure to so notify is not a per se defective notice. Instead, the court found that the crucial determination is whether or not the notice was actually received. The court noted that mailing alone would not effectuate notice, but if the evidence establishes that the notice is actually received, whether by regular or certified mail, the notice requirement is satisfied.

■ We have reviewed the record in the case at bar in light of the reasoning in *Stroh,* and conclude that there was no deficiency in the notice to claimant in spite of the fact that ORS 656.298(3) was not strictly followed.

The circuit court reviewed the claim based upon the record of the hearing before the referee. Testimony on whether claimant was actually pulling from the green chain comprised almost the entire record. All parties were aware that this single issue was determinative of the compensability of the claim. Claimant was present at the hearing, helped create the record, and was well aware of the issues, the relief requested, and the reason for such request. We note that claimant did not object to the notice prior to review by the circuit court; that he prepared a brief on the single issue before the court; that he was present before the referee; and that there is no evidence of any surprise. All of these factors combined with the written notice are evidence that claimant had actual notice. Since claimant had actual no-

tice of the type required by ORS 656.298(3), we can find no error. The circuit court had jurisdiction to review the compensation award.

In his second assignment claimant contends that the circuit court erred in reversing the referee and the Board, in that a preponderance of the evidence established that claimant was engaged in his work at the time of his attack.

■ Judicial review of workmen's compensation claims is de novo on the record to the same extent as review of an equity decree. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *Muncy v. SAIF*, 19 Or App 783, 529 P2d 407 (1974).

■ As we noted in *Hannan*, de novo review is a trial anew in the fullest sense with the findings of a trial court given no weight except when it has had the opportunity to see and hear witnesses and is thus better able to weigh their credibility on disputed issues of fact. This same principle is applicable to hearings before a referee or the Board.

■ As the referee noted in his conclusions, the compensability of the claim turns on whether claimant had actually started pulling on the green chain when he became ill. However, the referee was faced with a factual conflict in the testimony. Claimant and another worker testified that claimant had been working when he became ill, but two supervisors testified that claimant had not started working when he became ill. In resolving this conflict the referee found:

" * * * The important element, I think is, however, the fact that both claimant and Mr. Lil-

lard testify claimant had already begun pulling lumber when he became sick. On this essential point, I find their testimony to be the most credible."

Our review of the record reveals the same conflict that confronted the referee. We, of course, do not have the benefit of seeing and hearing the witnesses. Since we can find no evidence in the record which clearly establishes that claimant had not started working when he became ill, we give great weight to the referee's finding as to the credibility of the witnesses and their testimony. *Hannan v. Good Samaritan Hosp.,* supra. We, therefore, hold that claimant had commenced pulling veneer from the green chain and that his claim is compensable.

Reversed.