Argued February 21, reversed and remanded March 17,
reconsideration denied April 16, petition for review
denied May 13, 1975

SCHNEIDER, *Respondent, v.* EMANUEL
HOSPITAL (No. 402 076), *Appellant.*

532 P2d 1146

*Scott M. Kelley,* Portland, argued the cause for appellant. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley, Portland.

*Sidney A. Galton,* Portland, argued the cause for respondent. With him on the brief were Galton & Popick, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is a workman's compensation case in which the Workmen's Compensation Board (Board) dismissed the employer's request for review of an opinion and order of a hearings referee. The circuit court affirmed the dismissal and the employer appeals.

The referee's opinion and order, which granted claimant an award of permanent total disability, was issued January 25, 1974. The employer mailed a request for review to the Board on February 1, 1974. The employer's attorney certified that the request for review, and a copy thereof, was served upon the Board and claimant's attorneys, but the certificate of service indicated no service upon claimant herself. Upon motion by claimant, the Board dismissed the request for review on the ground that the Board had no jurisdiction because the request failed to fulfill the requirements of ORS 656.002 and 656.295(2), infra. The trial court affirmed the dismissal on the same ground.

■ The employer first contends that its compliance with the service requirements of ORS 16.770, a general statute, is sufficient to vest jurisdiction in the Board.

ORS 16.770 provides:

> "Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in ORS 16.780 to 16.800, *where not otherwise provided by statute.*" (Emphasis supplied.)

ORS 16.770 does not apply where, as here, a more specific statute regarding a particular situation is provided. *See Stamate v. Peterson,* 250 Or 532, 444 P2d 30 (1968); *Moore v. Brown, Burke,* 19 Or App 199, 527 P2d 132 (1974).

Regarding requests for review, ORS 656.295(2) provides:

> "The request for review shall be mailed to the board and copies of the request shall be mailed *to all other parties* to the proceeding before the referee." (Emphasis supplied.)

Furthermore, ORS 656.002(17) states:

> "As used in this chapter, unless the context requires otherwise:
>
> "* * * * *
>
> "(17) 'Party' means a claimant for compensation, the employer of the injured workman at the time of injury or the State Accident Insurance Fund."

The remaining question is therefore whether the requirement that a copy of the request for review be mailed to the claimant was sufficiently fulfilled, in the circumstances of this case, to vest the Board with jurisdiction.

In *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), the Supreme Court held that a requirement that notice be sent by registered or certified mail was satisfied in a situation where the notice was sent by

regular mail, but it was established that notice had been actually received. Although this court views *Stroh* "as interpreting—not dispensing with—the statutory requirements" of "legal notice," *Ransom v. U. S. National Bank,* 10 Or App 158, 161, 499 P2d 1374 (1972), we have attempted to follow its approach when appropriate. Thus, a deviation from statutory requirements such as the failure by a claimant to specifically list his address in a request for a hearing has been held not to be sufficient to deny a right to a hearing when the Board knew the address of claimant's attorney and treated the hearing request as valid. *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972).

■ Similarly, we have stated that "[f]ailure to strictly comply with a notice requirement does not necessarily preclude jurisdiction over a claim where no prejudice results from the failure to give such notice." *Murphy v. SAIF,* 13 Or App 105, 108, 508 P2d 227 (1973). Although *Murphy* was based upon the particular provisions of ORS 656.262(5), (6) and 656.265(4)(a), we note that the concepts behind *Murphy* have some general applicability in light of *Stroh.* The essential reasoning of our post-*Stroh* decisions has been that a liberal interpretation should be given to procedural requirements. *See, e.g., Stevens v. SAIF,* 20 Or App 412, 531 P2d 921 (1975).

■ It is in this light that we turn to the particular circumstances of this case. The record reflects service of a copy of employer's request for review upon claimant's attorneys. No contention is made that claimant was not actually represented by said attorneys at the time of service. There is no showing that claimant received actual notice of the request for review, but

at oral argument claimant's attorney, after conceding service of the request for review upon him, stated that he (the attorney) did not choose to advise claimant that he had been served with the request for review because it might have been upsetting to his client. Apart from the statute, claimant does not contend that she was prejudiced by lack of personal service upon her and at oral argument claimant's counsel was able to point to none in this case. Service upon claimant's attorney was constructive notice to claimant herself. While constructive notice does not meet a strict construction of the statute, in view of the peculiar facts in this case and the liberal interpretation we have held should be applied to procedural requirements, *Stroh v. SAIF, Stevens v. SAIF, Murphy v. SAIF,* all supra, where no prejudice has resulted and where justice might otherwise be thwarted, we hold that jurisdiction for review was acquired by the Workmen's Compensation Board.

Reversed and remanded.