Argued April 23, affirmed May 12, 1975

MAREK, *Respondent, v.* PORTLAND
JEEP, INC. *(No. 406 960), Appellant.*
534 P2d 1187

*Bernard Stea,* Portland, argued the cause for appellant. On the brief were James H. Gidley, and Cosgrave & Kester, Portland.

*Dan O'Leary,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

In this workman's compensation case the employer appeals from an order of the circuit court finding claimant to be permanently and totally disabled.

The employer concedes that the 56-year-old

claimant suffered a compensable injury while working as a service manager. The record shows that claimant has a history of preexisting disabilities, both physical and functional. The record also shows that claimant is presently unemployable and that his disability is in large part, to quote one of the examining physicians, due to a "gross functional overlay" as distinguished from actual physical damage. A psychological evaluation introduced into evidence by the employer stated in pertinent part:

"* * * The patient's psychological defenses appear to be breaking down, and giving way to incipient schizophrenic developments manifested in the patient's withdrawing from a situation with which he is unable to effectively deal * * *.

"* * * This man has likely been a hard worker who probably has worked for the last year or two with a great deal of physical discomfort and he presently feels he 'cannot go on.' * * * Psychological factors appear to be hindering this man's restoration and rehabilitation * * *.

"* * * * *

"* * * This psychopathology appears to be related to the patient's most recent accident to a moderate degree * * *."

The report concluded: "The prognosis for restoration and rehabilitation in this instance is poor considering all factors. This man is seeking total permanent disability and has essentially given up hope of returning to work." No contrary medical evidence was offered.

Nothing in the record indicates malingering. Thus, the record taken by its four corners discloses a man who is unable to engage in gainful and suitable employment because of an emotional state materially contributed to by a compensable accident. Such conditions are just as compensable under the Workmen's Compensation Law as purely physical conditions. *See,*

*Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 495 P2d 36 (1972).

If the employer had evidence indicating malingering on the part of claimant, or that the physical injury did not materially contribute to the claimant's present emotional state, or that the claimant is presently able, even with his physical and emotional disabilities, to engage in some gainful and suitable employment, it was not offered.

Affirmed.