Argued October 21, reversed and remanded November 24,
reconsideration denied December 23, 1975, petition for
review denied January 20, 1976

NOLLEN, *Claimant-Respondent,* ALBANY
FROZEN FOODS, *Respondent, v.* STATE
ACCIDENT INSURANCE FUND (No. 45354)
(CA 4881), *Appellant.*

542 P2d 932

*Janet A. Metcalf,* Assistant Attorney General, Sa-
lem, argued the cause for appellant. With her on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Lyle C. Velure,* Medford, argued the cause for respondent Albany Frozen Foods. With him on the brief were Hugh B. Collins and Collins, Ferris & Velure, Medford.

No appearance by claimant-respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

The State Accident Insurance Fund (SAIF) appeals from a decision of the circuit court upholding a ruling of the Workmen's Compensation Board. The Board ruled that it was without jurisdiction to consider the merits of SAIF's appeal from the referee's decision because the notice requirements of ORS 656.-295 had not been met.

Two issues are presented: First, is service on a claimant's attorney sufficient service as to the claimant? Second, is service on the insurer of the employer sufficient service as to the employer?

Claimant was injured while in the employ of Albany Frozen Foods (employer), the insured of Industrial Indemnity Company. The question at the initial hearing was whether this latest injury was a new injury or the aggravation of an old injury suffered while claimant was in the employ of Helms Brothers, the insured of SAIF. In short, which insurer was responsible.

The referee found that the injury was an aggravation of the old injury and that SAIF was therefore responsible. SAIF then appealed the decision to the Workmen's Compensation Board, sending copies

of the notice to claimant's attorney and Industrial Indemnity, but not serving claimant himself or his employer. Claimant and his employer made special appearances before the Board and filed motions to quash review because neither had been served. The Board granted both motions.

SAIF appealed this dismissal to the circuit court which upheld the Board's ruling as to Industrial Indemnity but found that service on claimant's attorney was sufficient as to claimant.

The notice requirements for an appeal from a referee's decision to the Board are set out in ORS 656.295, which provides in subsection (2):

> "The request for review shall be mailed to the board and copies of the request shall be mailed to *all other parties* to the proceeding before the referee." (Emphasis supplied.)

A "party" is defined in ORS 656.002(17), which provides:

> "As used in this chapter, unless the context requires otherwise:
> "*   *   *   *   *
>
> "(17) 'Party' means a *claimant* for compensation, the *employer* of the injured workman at the time of injury or the State Accident Insurance Fund." (Emphasis supplied.)

By failing to serve claimant and employer, SAIF did not comply with the statutory requirements for service since both are parties. However, literal compliance with the statute has not always been required. This court has given its approval to a liberal application of the notice requirements in workmen's compensation cases since *Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972). *See, Murphy v. SAIF*, 13 Or App 105, 508 P2d 227 (1973); *Stevens v. SAIF*, 20 Or App 412, 531 P2d 921 (1975). This is in accord

with the general liberal trend in this whole area. *See,* 3 Larson, Workmen's Compensation Law 2, § 78.10 (1973).

■ Regarding the sufficiency of service on claimant's attorney rather than on him personally, such is sufficient service where no prejudice has been shown. *Schneider v. Emanuel Hospital,* 20 Or App 599, 532 P2d 1146, Sup Ct *review denied* (1975).

The sufficiency of service on Industrial Indemnity rather than on Albany Frozen Foods presents a more difficult question. Despite our liberal attitude toward compliance with the notice requirements, there is a limit as to how far the court should go in requiring literal compliance with notice requirements. As Professor Larson points out:

"* * * The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. On the other hand, as every lawyer knows, there is a point beyond which the sweeping-aside of 'technicalities' cannot go, since evidentiary and procedural rules usually have an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case. * * *" 3 Larson, supra at 2.

■ We conclude that service on the employer's insurer, Industrial Indemnity, is sufficient compliance with the statute. We so hold because such service satisfied the necessary function of notice statutes: that of informing the parties of the issues in sufficient time to prepare for an adjudication. Here, notice to Industrial Indemnity fulfilled this requirement. The same attorney represented both Industrial Indemnity and the employer before the referee. He also appeared before the Board to file the motion to quash review. In this case we see no prejudice to

employer since it received actual notice of the appeal through Industrial Indemnity.

Reversed and remanded.