Argued December 22, 1975, affirmed January 19, 1976

ZANDBERGEN, *Respondent,*

*v.*

JOHNSON et al, *Appellants.*

(No. 91806, CA 5030)

544 P2d 587

*Keith D. Evans,* Salem, argued the cause and filed the brief for appellants.

*James W. Lock,* Gresham, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Employer appeals from a circuit court order which dismissed for lack of jurisdiction employer's appeal from a Workmen's Compensation Board order.

The Board's record shows that the Workmen's Compensation Board order in question was entered and copies mailed to all required parties and attorneys on April 10, 1975. The Workmen's Compensation Board "Certification of Record" to the circuit court is the next entered document in the Board's record. It recites, "The Workmen's Compensation Board, not having been served until May 19, 1975, with Notice of Appeal, hereby forwards * * *." The circuit court record contains an original "Notice of Appeal" from the Workmen's Compensation Board to the circuit court, with an attached certificate by employer's attorneys which certifies mailing of copies thereof, among others, to the Workmen's Compensation Board on May 9, 1975.

The order dismissing the appeal, dated July 22, 1975, entered by the circuit court recites that after hearing the court found

> "* * * as a fact that a copy of employer's Notice of Appeal was not served upon the Workmen's Compensation Board within the statutory 30-day period, which 30-day period expired May 10, 1975, and having further found as a fact that a copy of said Notice of Appeal was not mailed to the Board until May 15, 1975 nor received by the Board until May 19, 1975; and based upon said findings of fact, the Court ruled that it was without jurisdiction * * *."

The record before us does not contain the proof which formed the basis of the circuit court's finding as to when the actual mailing of notice to the Workmen's Compensation Board occurred. Employer apparently does not dispute the facts found by the circuit court, however.

Therefore, the only question is whether the requirement of mailing to the Workmen's Compensation Board a copy of the notice of appeal within 30 days of

its order is in fact jurisdictional. ORS 656.295(8) and 656.298(3). In *Ransom v. U.S. National Bank,* 10 Or App 158, 499 P2d 1374 (1972), we held it is. It has been noted in several opinions, including *Ransom,*[1] that a liberal *interpretation* is placed upon the statutory requirements of notice in appeals in workmen's compensation cases. But where there is *no notice* to the Workmen's Compensation Board to commence the judicial review process in the prescribed time (*see* 10 Or App at 160) there is no jurisdiction.

Affirmed.

---

[1]*Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972); *Nollen v. SAIF,* 23 Or App 420, 542 P2d 932 (1975); *Schneider v. Emanuel Hospital,* 20 Or App 599, 532 P2d 1146, Sup Ct *review denied* (1975); *Stevens v. SAIF,* 20 Or App 412, 531 P2d 921 (1975); *Murphy v. SAIF,* 13 Or App 105, 508 P2d 227 (1973); and *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972).