Argued July 28, affirmed August 30, petition for review allowed
November 9, 1976

See later issue of Oregon Reports

CHISHOLM, *Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Appellant.*

(No. 94402, CA 6217)

553 P2d 1083

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert E. Martin,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

## FORT, J.

This workmen's compensation case presents the question whether the 30-day time for appeal from a referee's order (ORS 656.289) begins to run from the date of the original order or from the date of an amendment to the first order made by the referee within the original 30-day period.

The Workmen's Compensation Board determined that the period ran from the date of the original order and thus it lacked jurisdiction to entertain the appeal. The circuit court on appeal from the board order reversed the board and held that the appeal period ran from the date of the correcting order. The state appeals.

The circuit court correctly found:

"The Hearings Officer's [referee's] Opinion and Order was in error in reciting that the hearing was held on November 6, 1974. A 'corrected order' was made on September 3, 1975, reciting that such error appeared and correcting the date of the hearing to August 12, 1975. That corrected order bears an affidavit of mailing a copy to claimant on September 3, 1975. That affidavit is identical in language to the affidavit on the Opinion and Order of August 27, 1975, and is the usual form used and required to comply with ORS 656.289."

It is conceded that if the appeal time begins to run with the referee's order of September 3, then the notice of appeal was timely filed.

In *Mendenhall v. SAIF,* 16 Or App 136, 517 P2d 706, Sup Ct *review denied* (1974), we said:

"In *Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973), we concluded that no order of the Workmen's Compensation Board may be appealed to the circuit court other than a final order. We repeated the test established in *Winters et al. v. Grimes et al.,* 124 Or 214, 216-17, 264 P 359 (1928), that an order, to be final, must be one which determines the rights of the parties so that no further questions can arise before the tribunal hearing the matter. * * *" 16 Or App at 138.

Here it is obvious not only that "further questions

[ 629 ]

[could] arise before the tribunal hearing the matter" following the order of August 27, but that such a question did in fact arise. The referee himself recognized the existence of such a question, corrected his own error, and issued a new order so doing on September 3. The error was not, as the state contends, "a typographical error." It was a flat misstatement of fact. No hearing at all was held on November 6, 1974. The August 27 order of the "tribunal" could not have been based on evidence heard that day.

■ ■  The order of September 3, was not entered as a nunc pro tunc order. It was served on the parties. As pointed out above, appeal is possible only from a final order and the period begins to run only from that date.

Appellant relies on *Wise v. SAIF,* 14 Or App 463, 513 P2d 1212 (1973). That case did not involve the effect on the time for appeal of the filing of an amended or "corrected" order by the referee on his own motion, as here. It dealt merely with subsequent mailing of an *additional* copy of the final order to the parties. There was no change made in the previous order in that case. Here there was.

Recently, in *Zandbergen v. Johnson,* 24 Or App 151, 544 P2d 587 (1976), we said:

"* * * It has been noted in several opinions, including [Ransom v. U.S. National Bank, 10 Or App 158, 499 P2d 1374 (1972)], that a liberal interpretation is placed upon the statutory requirements of notice in appeals in workmen's compensation cases. * * *" (Footnote omitted.) 24 Or App at 154.

*See also: Crow v. Junior Bootshops,* 241 Or 135, 140, 404 P2d 789 (1965).

We conclude that the final order for the purpose of computing the time for appeal was the order of September 3.

Affirmed.

**SCHWAB, C. J.,** dissenting.

The referee's August 27 opinion and order is two-and-a-half pages long. It discusses the merits of the claim for compensation at length. It concludes:

> "* * * Failure to mail * * * a request for review within thirty (30) days after the mailing date of this Order will result in LOSS OF RIGHT TO APPEAL FROM THIS ORDER."

The referee's September 3 "correcting order" is three sentences long, aside from a certificate of mailing. It reads:

> "WHEREAS the August 27, 1975 Opinion and Order herein bore the incorrect hearing date * * * in the first sentence thereof,
>
> "NOW THEREFORE IT IS HEREBY ORDERED that said hearing date be corrected to read August 12, 1975.
>
> "Dated at Portland, Oregon this 3rd day of September, 1975."

There is no notification of any appeal rights arising from the "correcting order."

ORS 656.289(3) provides:

> "The [referee's] order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the Board under ORS 656.295. * * *"

It is patent to me that the order referred to in ORS 656.289(3) means an order on the merits, i.e., that a claim is denied, and does not mean an order correcting some minor clerical mistake in reciting a fact that never need have been recited in the first place and that all parties must have recognized as an obvious immaterial error.

I dissent.