Argued December 17, 1976, affirmed January 31, 1977

SCHNEIDER, *Respondent,*
*v.*
EMANUEL HOSPITAL, *Appellant.*
(No. A-76-05-06376, CA 6935)
559 P2d 1288

Scott M. Kelley, Portland, argued the cause for appellant. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Sidney A. Galton, Portland, argued the cause for respondent. With him on the brief were Galton & Popick, Portland.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

In this workmen's compensation case the employer appeals from the circuit court's finding of permanent and total disability, affirming a similar award made by the Workmen's Compensation Board (Board) upon the recommendation of a hearings referee.

Claimant, now aged 51, suffered a contusion to her left hip in May 1971 after being struck by a cart pushed by a fellow employe. Early in 1974 a hearings referee granted claimant a disability rating of permanent and total. The employer appealed but the Board refused to consider the appeal on the ground that the employer had not provided the requisite notice of the appeal to claimant. This court reversed and the case was remanded to the Board for consideration on the merits. *Schneider v. Emanuel Hospital,* 20 Or App 599, 532 P2d 1146, Sup Ct *review denied* (1975).

The Board referred the matter to the referee to take evidence relating to claimant's present physical condition and to determine what attempts had been made toward claimant's rehabilitation. A second set of hearings was held in December 1975 and February 1976 and the referee again recommended that claimant be awarded a rating of permanent and total disability. The Board adopted the referee's recommendation and the Board's award was affirmed by the circuit court.

Here, the evidence establishes that claimant suffers from a psychopathology which was either directly caused by or aggravated by the injury to her hip. None of the three physicians who testified stated that this condition was not the result of the hip injury, and two of the three stated that it had been caused by the injury. This condition causes claimant continuous pain in her back, legs and hips and renders her unable to remain standing or seated for more than short periods of time. Claimant can neither lift anything heavy nor pick things up off the ground. Further, claimant has substantially below average intelligence. She func-

tions at a 3.8 grade level in reading skills and at 3.9 in arithmetic skills. All attempts to retrain claimant for other than her former housekeeper job have failed. The employer implies in his brief that claimant's emotional condition is not due to her injury. But, as was the case in *Marek v. Portland Jeep,* 21 Or App 386, 534 P2d 1187 (1975):

> "If the employer had evidence indicating malingering on the part of claimant, or that the physical injury did not materially contribute to the claimant's present emotional state, * * * it was not offered." 21 Or App at 388.

The referee expressly found the claimant to be believable concerning her complaints of pain, and clearly rejected the employer's implication she was malingering, as did the majority of the physicians and psychologists.

The only direct evidence offered by the employer concerning her possible ability to perform gainful employment is a 152-page "Occupational Analysis of Light and Sedentary Jobs Found in the Industrial Complex of the Interior Valleys of Western Oregon" prepared in 1970 for the Social Security Administration. It is obvious that such a publication alone does not establish a basis for concluding that some kind of suitable work is regularly and continuously available to a particular claimant.

Affirmed.