## ALBIAR, *Appellant,*

*v.*

## SILVERCREST INDUSTRIES, INC., *Respondent.*

(No. 97821, CA 8025)

566 P2d 1217

John W. Stewart, Salem, argued the cause for appellant. With him on the brief was Claussen, Billman, Coleman and Stewart, P.C., Salem.

G. Howard Cliff, Portland, argued the cause for respondent. With him on the brief was Frank V. Langfitt, III, Portland.

Before Schwab, Chief Judge, and Thornton, Judge, and Fort, Senior Judge.

THORNTON, J.

**THORNTON, J.**

Claimant appeals from an order of the circuit court affirming an order of the Workers' Compensation Board (Board) dismissing an appeal from a referee's opinion and order denying benefits.

On April 21, 1976, the referee issued an opinion and order denying workers' compensation benefits to claimant. On May 18, 1976, claimant's Request for Board Review was mailed to the Board. The Request was mailed only to the Board within the 30-day period as required by ORS 656.289(3);[1] however, copies of the Request were not mailed to the "other parties" as required by ORS 656.295(2)[2] until September 21, 1976, some four months late. All the parties received actual notice of the Request on May 24, 1976, when the Board mailed a letter to the employer's attorney acknowledging the Board's receipt of the Request and ordering transcripts of the hearing proceedings. The actual notice to the parties was untimely. After receipt of the copy of the notice on September 21 from claimant the employer filed a motion to dismiss on the grounds that parties had not been served within the period required by ORS 656.289(3) and 656.295(2). It is the grant of that motion to dismiss that is at issue in this appeal.

Since *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), this court has been liberal in the application of statutory notice requirements in the context of work-

---

[1] ORS 656.289(3) provides:

"The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board under ORS 656.295. When one party requests a review by the board, the other party or parties shall have the remainder of the 30-day period and in no case less than 10 days in which to request board review in the same manner. The 10-day requirement may carry the period of time allowed for requests for board reviews beyond the 30th day. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.295."

[2] ORS 656.295(2) provides:

"The requests for review shall be mailed to the board and copies of the request shall be mailed to all other parties to the proceeding before the referee."

ers' compensation. *See, Nollen v. SAIF,* 23 Or App 420, 542 P2d 932 (1975), Sup Ct *review denied* (1976); *Schneider v. Emanuel Hospital,* 20 Or App 599, 532 P2d 1146, Sup Ct *review denied* (1975); *Stevens v. SAIF,* 20 Or App 412, 531 P2d 921 (1975); *Murphy v. SAIF,* 13 Or App 105, 508 P2d 227 (1973). However, in *Nollen v. SAIF, supra,* we observed that:

"* * * Despite our liberal attitude toward compliance with the notice requirements, there is a limit as to how far the court should go in requiring literal compliance with notice requirements. As Professor Larson points out:

"' * * * The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. On the other hand, as every lawyer knows, there is a point beyond which the sweeping-aside of "technicalities" cannot go, since evidentiary and procedural rules usually have an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case. * * *' 3 Larson, [Workmen's Compensation Law 2, § 78.10 (1973)]." 23 Or App at 423.

The previous cases construing notice requirements in the Workers' Compensation Act all involved actual notice which was timely. In this case, however, the notice to the parties of the Request for Board Review was not mailed by the party requesting review and, more significantly, was not effected within the statutory period. We conclude that the time within which notice of the Request is required to be given is "an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case." *Nollen v. SAIF, supra* at 423.

Affirmed.