Argued and submitted September 22, 1982, reversed July 13, 1983

In the Matter of the Compensation
of Michael J. King, Claimant.
ARGONAUT INSURANCE CO.,
*Petitioner,*

*v.*

KING,
*Respondent.*

(WCB No. 80-07413; CA A23997)

666 P2d 865

Deborah S. MacMillan, Portland, argued the cause for petitioner. With her on the brief were Daniel L. Meyers and Moscato & Meyers, Portland.

Charles S. Tauman, Portland, argued the cause for respondent. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Argonaut Insurance Companies (Argonaut) appeals from an order of the Workers' Compensation Board directing it to accept King's claim for compensation. Argonaut asserts that the Board erred in two respects: (1) failing to grant its motion to dismiss the request for review on the ground that claimant did not mail the request to all parties within 30 days of the referee's order, as required by ORS 656.295(2), and (2) deciding that claimant suffered a "compensable injury" under ORS 656.005(8)(a). We discuss only the first issue and reverse.

The facts pertaining to the procedural issue are undisputed. Argonaut denied the claim, because it believed claimant's injury was not sufficiently work related to be compensable. On June 17, 1981, the referee entered an order affirming Argonaut's denial. By letter dated July 16, 1980, claimant requested that the Board review the referee's order. Claimant failed to send a copy of the request for review to Argonaut. On July 20, 1981, the Board received claimant's request. On receipt of a request for review, the Board's usual practice is to mail a letter acknowledging its receipt of the request to all parties, including the insurer, within 48 hours. Although the record does not show when the Board's acknowledgment letter was sent, Argonaut moved to dismiss the request on July 24, 1981. Argonaut argued that, under *Albiar v. Silvercrest Industries,* 30 Or App 281, 566 P2d 1217 (1977), the Board was required to dismiss the request for review, because claimant failed to comply with ORS 656.295(2).[1]

ORS 656.289(3) provides, in part:

"The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board under ORS 656.295. * * *"

ORS 656.295 provides, in part:

"(1) The request for review by the board of an order of a referee need only state that the party requests a review of the order.

---

[1] Argonaut also argued below that the request for review should be dismissed, because claimant did not file his request within 30 days, as required by ORS 656.289(3). Argonaut did not renew this argument on appeal.

"(2)   The requests for review shall be mailed to the board and copies of the request shall be mailed to all parties to the proceeding before the referee."

■     It is undisputed that claimant's request for review was timely, because it was mailed on the 30th day after the referee issued his order, and that claimant never sent copies of the request to the other parties. It is apparent from the record that Argonaut received actual notice of the request within four days of the Board's receipt of the request. The issue, therefore, is whether the Board lacked jurisdiction to review solely because he failed to send copies to Argonaut, which received actual notice of the request between 34 and 38 days after the referee's order.

We addressed this issue under facts indistinguishable from those here in *Albiar v. Silvercrest Industries, supra.* In *Albiar,* the claimant mailed his request for review to the Board 27 days after the referee's order. The other parties received actual notice when they received the Board's acknowledgment of the request 33 days after the order. They received copies of claimant's request four months after the order. We said:

"* * * [T]his court has been liberal in the application of statutory notice requirements in the context of workers' compensation. *See, Nollen v. SAIF,* 23 Or App 420, 542 P2d 932 (1975), Sup Ct *review denied* (1976); *Schneider v. Emanuel Hospital,* 20 Or App 599, 532 P2d 1146, Sup Ct *review denied* (1975); *Stevens v. SAIF,* 20 Or App 412, 531 P2d 921 (1975); *Murphy v. SAIF,* 13 Or App 105, 508 P2d 227 (1973). * * *" 30 Or App at 283.

We noted, however, that our liberal interpretation of notice requirements was not unlimited, quoting *Nollen v. SAIF,* 23 Or App 420, 542 P2d 932 (1975), *rev den* (1976), which quoted Larson:

" ' "* * * The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. On the other hand, as every lawyer knows, there is a point beyond which the sweeping-aside of 'technicalities' cannot go, since evidentiary and procedural rules usually have an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case. * * *" 3

Larson, [Workmen's Compensation Law 2, § 78.10 (1973)].' 23 Or App at 423." 30 Or App at 284.

Applying Larson's rationale, we distinguished the four cases we had cited and affirmed the Board's dismissal of the claimant's request for review:

"The previous cases construing notice requirements in the Workers' Compensation Act all involved actual notice which was timely. In this case, however, the notice to the parties of the Request for Board Review was not mailed by the party requesting review and, more significantly, was not effected within the statutory period. We conclude that the time within which notice of the Request is required to be given is 'an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case.' *Nollen v. SAIF, supra,* at 423." 30 Or App at 284.[2]

In the four cases cited in *Albiar,* we held that a party's failure to comply strictly with the notice requirements of the Workers' Compensation Act did not preclude the reviewing body (the referee in *Murphy,* the circuit court in *Stevens* and the Board in *Schneider* and *Nollen*) from exercising jurisdiction in the absence of prejudice to the other parties. Those cases are distinguishable from *Albiar. Schneider* and *Nollen*

---

[2] The Board declined to follow *Albiar v. Silvercrest Industries, Inc.,* 30 Or App 281, 566 P2d 1217 (1977), saying, in part:

"We are concerned that the Court of Appeals' decision in *Albiar* was not made with complete understanding of Board procedures. Upon receipt of a request for review, the Board sends a computer-generated letter acknowledging the request to all parties—the claimant, the employer, the insurance carrier, if any, and all attorneys of record. This acknowledgment letter is usually mailed within 24 to 48 hours of our receipt of a request for review and, since the acknowledgement letters started being computer-generated earlier this year, in no case has it taken more than seven days for the acknowledgment letter to be mailed. Thus, if the party requesting review does not serve copies of the request on the opposite parties, the Board's acknowledgment letter supplies actual notice of the request for review.

"* * * * *

"Given the Board's almost instantaneous response to a request for review with an acknowledgment being sent to all parties, the parties' interest in knowledge of finality can be further compromised for a few more days if knowledge of the request for review comes from the Board rather than from the requestor. We simply cannot agree with the *Albiar* court that this possible additional delay of up to a few days amounts to 'an irreducible hardcore of necessary function' that comes even close to outweighing 'the thwarting of the protective functions of the act.' 3 Larson, supra, § 78.10."

If *Albiar* is wrong, it is for this court or the Supreme Court to say so.

involved the failure to comply with notice requirements in the sense that the party requesting review did not send notice to the other parties but instead sent timely notice to a person or entity in privity with the party. In *Stevens,* timely notice failed to include a statement of reasons why relief should be granted, but the claimant briefed and created a record on the only issue relating to compensability. *Murphy* involved failure of SAIF to give the claimant notice that a portion of his aggravation claim was denied and his right to request a hearing, but the claimant in fact obtained a hearing and presented evidence on the issue. In each case, the court held that the notice, although defective, was sufficient in the absence of prejudice.

Argonaut does not argue that it was prejudiced, and we conclude that it was not. It received actual notice that claimant had requested Board review within four days of the Board's receipt of the request. Argonaut had time to file a motion to dismiss the request and, after the Board denied the motion, there is no evidence that it did not have time to prepare for the Board's review on the merits.

■     Claimant argues that we should not follow *Albiar,* because it departed from the four cases referred to in it which held that strict compliance with notice requirements was not fatal to the jurisdiction of the reviewing board or court in the absence of prejudice. While it is true that *Albiar* did not discuss the question of prejudice, it is also true that only *Albiar* involved receipt of actual notice of the request for review *after* the statutory time for giving notice had expired. We conclude that *Albiar* is correct and that, when actual notice of a request for review is received after the time for giving notice has expired, prejudice is not a relevant consideration. *See Ransom v. U.S. National Bank,* 10 Or App 158, 499 P2d 1374 (1972).[3]

■     We hold that compliance with ORS 656.295 requires that statutory notice of the request for review be mailed or actual notice be received within the statutory period. To hold otherwise would mean that if a request for review was made

---

[3] *Albiar* has been the law of Oregon for five years. Had the legislature disagreed with our decision, it has had ample opportunity to register its disagreement. It has not.

within 30 days, actual notice, whenever received, would be sufficient unless the party entitled to notice could show prejudice.

Reversed.