Argued and submitted April 15, remanded to Board with instructions May 18, 1994

In the Matter of the Compensation of
Daniel P. Kelsey, Claimant,
*and.*

In the Matter of the
Complying Status of Drushella-Klohk NCE.

Daniel P. KELSEY,
*Petitioner,*
*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor,*

· *v.*

DRUSHELLA-KLOHK NCE
and SAIF Corporation,
*Respondents.*

(91-10681, 91-14721; CA A79650)

874 P2d 1349

Darrell E. Bewley argued the cause for petitioner. With him on the brief was Estell and Bewley.

Ridgway K. Foley, Jr., argued the cause for respondent Drushella-Klohk NCE. With him on the brief were Richard T.

Kropp, Foley & Duncan, P.C., and Emmons, Kropp, Kryger, Alexander, Egan & Allen, P.C.

Stephanie L. Striffler, Assistant Attorney General, argued the cause for intervenor Department of Consumer and Business Services. With her on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Michael O. Whitty, Special Assistant Attorney General, waived appearance for respondent SAIF Corporation.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board in this consolidated proceeding to determine whether Duane Drushella and Joan Klohk-Drushella (respondents) are noncomplying employers and whether claimant's claim is compensable. ORS 656.740(4).

Claimant was injured when he fell from the roof of a house that he was remodeling for respondents, who had purchased the house as a vacation home. Although respondents had never lived in the house at the time claimant was injured, they had rented it to a third party on one occasion, in payment for that party's cabinetry work.

After the accident, claimant filed a claim. The Department of Insurance and Finance (DIF)[1] investigated the matter and concluded that respondents, who had no workers' compensation coverage for claimant, were noncomplying. Respondents denied claimant's claim. SAIF, acting as the processing agent for DIF, accepted the claim. Respondents filed a request for hearing on DIF''s order and also filed a separate request for hearing on SAIF''s acceptance of the claim. The matters were consolidated for hearing pursuant to ORS 656.740(4).

The referee held that respondents were not noncomplying, because claimant was injured while remodeling a private home belonging to respondents, and such employment is specifically excluded from workers' compensation coverage by ORS 656.027(2). The referee set aside DIF''s order of noncompliance as well as SAIF''s acceptance of the claim.

An order of a referee regarding the compliance of a putative employer is deemed to be the final order of DIF. ORS 656.740(4)(a). Ordinarily, that order is subject to review pursuant to the Administrative Procedures Act (APA). ORS 656.740(4). Judicial review of the referee's order would be by the Court of Appeals. ORS 183.482. If, however, the order

---

[1] DIF has been replaced by the Department of Consumer and Business Services (DCBS). DCBS filed an intervenor's brief in the Court of Appeals, on behalf of claimant. However, on the question of service, DCBS agrees with respondents that it was not properly served and that the Board lacked jurisdiction to consider claimant's appeal. SAIF has waived appearance.

declaring the person to be noncomplying is contested at the same hearing as a matter concerning a claim, then review of the order of noncompliance is as a matter concerning a claim, ORS 656.740(4)(c), and is subject to review by the Board. Thus, because respondents' requests for hearing raised questions concerning the compensability of the claim, as well as questions of compliance, the matter was subject to review by the Board. On claimant's appeal to the Board, the Board affirmed the referee.

Claimant seeks review, contending that the Board erred in concluding that his work was excluded from workers' compensation coverage under ORS 656.027(2), because the house was not respondents' private home, but a commercial investment. We need not address the merits of the petition, because we conclude that the Board lacked jurisdiction to consider claimant's appeal.

DIF took an active role at the hearing, in order to defend its decision that respondents were noncomplying employers. The referee mailed a copy of the final order to DIF. Claimant never served DIF, or anyone on DIF's behalf, with a copy of his notice of appeal to the Board. DIF filed a motion to dismiss the appeal, which the Board denied. That was error.

ORS 656.295(2) requires that a request for Board review of a referee order

> "be mailed to the board and copies of the request * * * be mailed to all parties to the proceeding before the referee."

The request must be served on all parties within 30 days after the date on which the referee's order is mailed. *See* ORS 656.289(3). The failure to timely file and serve all parties with a request for Board review requires dismissal, *Mosley v. Sacred Heart Hospital*, 113 Or App 234, 237, 831 P2d 721 (1992); except that a non-served party's actual notice of the appeal within the 30-day period will save the appeal. *See Zurich Ins. Co. v. Diversified Risk Management*, 300 Or 47, 51, 706 P2d 178 (1985); *Argonaut Insurance v. King*, 63 Or App 847, 666 P2d 865 (1983). All parties to the referee's order must be served or receive notice, even if the appealing party makes no claim as to the excluded party. *Mosley v. Sacred Heart Hospital, supra*, 113 Or App at 237. Thus, although claimant does not directly contest that aspect of the referee's

order regarding noncompliance, DIF was required to be served or receive actual notice of the appeal within the 30-day period, if it is a party entitled to service.

The Board relied on the definition of "party" contained in ORS 656.005(20) to conclude that DIF is not a party entitled to service. That statute provides:

> " 'Party' means a claimant for compensation, the employer of the injured worker at the time of injury and the insurer, if any, of such employer."

The Board reasoned that, because that definition does not mention DIF, DIF is not a party and need not be served with a request for review. The definition contained in ORS 656.005(20) is a general definition intended to apply to the procedures under ORS chapter 656, including Board adjudications of matters concerning a claim. Its definition of "party" does not apply "where the context otherwise requires." ORS 656.003. We conclude that, when the Board's adjudication is to include review of an order of DIF regarding noncompliance, context requires otherwise, and DIF must be treated as a party entitled to be served with notice under ORS 656.295(2). Although DIF appeared before the Board, it was not served with notice of the appeal and there is no indication in this record that it had actual notice of the appeal within the statutory period. *See Argonaut Insurance v. King, supra; Zurich Ins. Co. v. Diversified Risk Management, supra.*

There is another reason why we conclude that DIF was entitled to be served with a copy of the request for Board review. As we have noted, the referee's order is deemed to be DIF's order. ORS 656.740(4)(a). Had the referee's compliance determination been the only issue, review would have been directly by the Court of Appeals pursuant to the APA. In that circumstance, the petition would have to have been served "upon the agency, and all other parties of record in the agency proceeding." ORS 183.482(2). That would have included DIF. We see no basis for treating DIF differently because the compliance matter has been consolidated for hearing and review with a matter concerning a claim.

Remanded to Board with instructions to dismiss appeal to Board.