Argued and submitted August 7, reversed and remanded for reconsideration December 26, 2001

In the Matter of the Compensation of
Joseph L. Cilione, Claimant.

David G. CLELLAND,
non-complying employer,
*Petitioner,*

*v.*

Joseph L. CILIONE;
Department of Consumer and Business Services;
and Johnston & Culberson, Inc.,
*Respondents.*

97-08921; A110432

37 P3d 1044

Scott H. Terrall argued the cause and filed the briefs for petitioner.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondents Department of Consumer and Business Services and Johnston & Culberson, Inc. With her on

the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent Joseph L. Cilione.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

In this workers' compensation case, employer seeks judicial review of a Workers' Compensation Board order that held the claim compensable. Employer argues that, because he never received a copy of the request for Board review of the administrative law judge's (ALJ) opinion and order, the request for review was not timely filed, the ALJ's opinion became final, and the Board lacked jurisdiction to review such a final order. We review for substantial evidence and for errors of law, ORS 183.482(8)(a), (c), and reverse and remand for reconsideration.

The material facts are undisputed. In 1997, claimant, a truck driver for employer, was diagnosed with a left leg deep vein thrombosis. Because employer was considered a noncomplying employer, the claim was forwarded to SAIF, which denied the claim.[1] Claimant requested a hearing. The hearing was set for January 29, 1998, and notice was mailed to employer at 19855 South Highway 97, Klamath Falls, Oregon 97603.

At hearing, claimant, acting *pro se*, was present. Pomeroy, an attorney acting in the capacity of a special assistant attorney general,[2] appeared by phone. Pomeroy expressly stated that he was acting in the capacity of a special assistant attorney general and was not representing SAIF or employer. Employer did not appear. The ALJ upheld SAIF's denial. Claimant requested Board review of the ALJ's order. The request for review indicated that a copy was sent to employer but did not state to what address. The Board acknowledged claimant's request for review and mailed a copy of the notice to employer. However, the notices of review and briefing were mailed to employer at the incorrect address of 5280 Wicket Court, Klamath Falls, Oregon 97603.

---

[1] Pursuant to ORS 656.054, the Department of Consumer and Business Services (DCBS) later transferred the responsibility for processing the noncomplying employer case from SAIF to Johnston and Culberson, with the litigation being handled by the Department of Justice.

[2] The ALJ's order erroneously states that Pomeroy represented both employer and SAIF.

Employer never filed a Board brief. The Board reversed the ALJ's order and held claimant's injury to be compensable.[3] The order on review was also sent to employer at the Wicket Court address. The record does not suggest that either the notice of acknowledgment of the request for Board review, the notice of briefing, or the order on review mailed to employer was returned as undeliverable. Employer's address was at all times 19855 South Highway 97. At no time did employer notify the Board that his address had changed.

In January 2000, the state, through the Department of Revenue, attempted to collect from employer the money paid out to claimant. That was the first time employer learned of claimant's request for review of the ALJ's order. Employer contacted DCBS, and for the first time in February 2000 received a copy of the Board's order. In March 2000, employer sent a letter to the Board stating that SAIF's denial was correct and that the Board erred when it reversed the ALJ's decision. The Board acknowledged the letter and the fact that its order was sent to employer at the wrong address. The Board then issued an order republishing the order on review, addressing the compensability of claimant's injury claim. The Board then republished its earlier order that determined the claimant's injury claim was compensable. Employer seeks review of that order.

■ Under ORS 656.295(2),[4] all parties must be served or receive notice of a request for Board review.[5] *See Mosley v. Sacred Heart Hospital*, 113 Or App 234, 237, 831 P2d 721 (1992). "The request must be served on all parties within 30 days after the date on which the [ALJ's] order is mailed. *See*

---

[3] The Board subsequently republished the order on review because of a clerical error.

[4] ORS 656.295(2) provides that "[t]he requests for review shall be mailed to the board and copies of the request shall be mailed to all *parties* to the proceeding before the [ALJ]." (Emphasis added.) ORS 656.005(21) defines "party" as "a claimant for compensation, the *employer of the insured worker* at the time of injury and the insurer, if any, of such employer." (Emphasis added.)

[5] *See Schneider v. Emanuel Hospital*, 20 Or App 599, 603, 532 P2d 1146, *rev den* (1975) ("[s]ervice upon claimant's attorney was constructive notice to claimant herself"); *Nollen v. SAIF*, 23 Or App 420, 423, 542 P2d 932 (1975), *rev den* (1976) (service on employer's insurer sufficient to satisfy notice requirement). Neither *Schneider* nor *Nollen* is applicable here because employer was not represented by counsel and had no insurer.

ORS 656.289(3)." *Kelsey v. Drushella-Klohk*, 128 Or App 53, 57, 874 P2d 1349 (1994). Thus, unless notice of the request for review is mailed or actual notice is received within the statutory period, dismissal is required. *Argonaut Insurance v. King*, 63 Or App 847, 666 P2d 865 (1983).

■ Here, the Board did not address employer's argument that claimant did not timely mail the request for Board review to employer and that employer did not receive actual notice of it. The Board also failed to make findings on the jurisdictional issue. Because "the Board must provide a 'sufficient explanation to allow a reviewing court to examine the agency's action[,]' " *SAIF v. January*, 166 Or App 620, 626, 998 P2d 1286 (2000), *quoting Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997), we reverse and remand to the Board to explain why it rejected employer's jurisdictional argument.[6]

Reversed and remanded for reconsideration.

---

[6] Given our disposition, we need not address employer's remaining assignments of error.