Argued and submitted July 9, affirmed September 17, 1985

In the Matter of the Compensation of
Danny D. Kishpaugh, Claimant.

## ZURICH INSURANCE COMPANY,
*Respondent on Review,*

*v.*

## DIVERSIFIED RISK MANAGEMENT,
*Respondent on Review,*

## KISHPAUGH,
*Petitioner on Review,*

## AMERICAN STREVELL, Employer.

(82-08701, 82-08700; CA A33657; SC S31566)

706 P2d 178

Leo R. Probst, Portland, argued the cause and filed the petition for petitioner on review.

Deborah L. Sather, Portland, argued the cause for respondent on review Zurich Insurance Company. With her on the response to the petition for review was Moscato & Byerly, Portland.

No appearance for respondent on review Diversified Risk Management.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case is whether the Court of Appeals lacks jurisdiction to hear a workers' compensation appeal if the petitioner fails to give notice to all parties who appeared in the proceedings below. The Court of Appeals dismissed claimant's Petition for Judicial Review (notice of appeal) for lack of jurisdiction after claimant did not serve a copy on a party to the proceeding before the Workers' Compensation Board. We affirm.

Claimant suffered a compensable back injury in 1980. In 1982 his back condition worsened. When filing for compensation he asserted that either he had sustained a new injury or, in the alternative, that the former injury was aggravated. Diversified Risk Management, the authorized insurance carrier in 1980, denied the claim of aggravation. Zurich American Insurance Company, the carrier in 1982, denied that the injury was new. Claimant requested a hearing on each denial and requested that the claims be consolidated for hearing. The referee held that there was no new injury and allowed the aggravation claim, making Diversified responsible for payment of benefits. The referee also awarded permanent partial disability of 15 percent. Claimant appealed to the Workers' Compensation Board claiming that he was entitled to a greater disability award. Diversified cross-appealed. The Board affirmed the referee's award of permanent partial disability but reversed the referee's decision, holding that there was a new injury rather than an aggravation and that Zurich had the responsibility to pay claimant. Claimant appealed to the Court of Appeals on the issue of the adequacy of the disability. When filing his notice of appeal, he did not serve a copy on Diversified. Zurich moved to dismiss for failure to serve Diversified. Zurich cross-appealed the Board's order holding Zurich as the responsible carrier. The Court of Appeals allowed the motion to dismiss claimant's notice of appeal to that court. Claimant petitioned this court for review challenging the Court of Appeals' dismissal on three grounds: (1) That Diversified is not a party to the appeal; (2) that the statutory requirement of notice to parties, ORS 656.298(3), is not jurisdictional; and (3) that Diversified had actual notice of the appeal. Claimant's first assertion is that notice was sent to all parties whose interest possibly could have been affected. ORS 656.005(19) defines the term "party" as follows:

" 'Party' means a claimant for compensation, the employer of the injured worker at the time of injury and the insurer, if any, of such employer."

Claimant contends that because Diversified was absolved of responsibility for claimant's injury and only Zurich and the employer were responsible, all the interested parties were served. That reasoning is not sound. ORS 656.298(6) provides:

"The review by the Court of Appeals shall be on the entire record forwarded by the board. The court may remand the case to the referee for further evidence taking, correction or other necessary action. However, the court may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The court may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the court determines to be appropriate."

This statute, which gives the Court of Appeals *de novo* review of workers' compensation cases, suggests that the Court of Appeals has the authority to explore, on its own motion, all matters arising from the record in order to arrive at the "appropriate" disposition. That is, the Court of Appeals could reverse the Workers' Compensation Board finding that the injury was a new injury and not an aggravation, thus placing Diversified back on the hook for benefit payments.[1]

It is also clear that claimant considered Diversified a "party" in all the proceedings before the Workers' Compensation referee and the Board. The statute is clear that both Zurich and Diversified are "parties" because they were insurers of the employe and named as parties by claimant.

Claimant's next reason for review is that ORS 656.298(3) is not jurisdictional. ORS 656.298(3) provides:

"The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board *and on the parties who appeared in the review proceedings,* and by filing with the clerk of the Court of Appeals the original notice of appeal with proof of service indorsed thereon. * * *" (Emphasis added.)

In *Southwest Forest Industries v. Anders,* 299 Or 205,

---

[1] The Court of Appeals did not dismiss Zurich's cross-appeal with respect to the Board's finding that it was the responsible carrier.

219, 701 P2d 432 (1985), we addressed whether the requirement of service on the Board was jurisdictional, stating:

"The Court of Appeals, *sua sponte*, dismissed this appeal for failure to serve the Board as required by ORS 656.298(3). The same reasoning employed by this court from the time of *Demitro v. State Industrial Acc. Com.,* 110 Or 110, 223 P 238 (1924)', forward, that jurisdiction in the court springs from the statute and that strict compliance with the statute is necessary to the court's jurisdiction, will lead to the affirmance of the Court of Appeals' action on the ground it chose."

The reasoning as to service on the Board applies equally to service "on the parties who appeared in the review proceedings." Without service on the "parties," the Court of Appeals lacks jurisdiction.

Claimant's third assertion is that Diversified had actual notice of the appeal because Zurich's cross-appeal was served on Diversified. In *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), we held that a copy of a notice of appeal by ordinary mail rather than by registered or certified mail as required by statute still satisfies the notice requirement where notice is actually received within the 30-day time limit of ORS 656.295(8).[2] However, in this case, the Board order was mailed on September 24, claimant's notice of appeal was filed in the Court of Appeals on October 19, and Zurich's cross-appeal was mailed October 24, and received by the Court of Appeals October 25. There is no evidence establishing that Diversified received actual notice of claimant's notice of appeal before October 25 at the earliest. Thus, Diversified did not have actual notice within the 30-day requirement of ORS 656.295(8).

In summary, Diversified was a party as defined by ORS 656.005(19). The requirements of ORS 656.298(3) are jurisdictional and Diversified did not get actual notice or notice by registered or certified mail within 30 days of the mailing of the decision of the Board.

The Court of Appeals is affirmed.

---

[2] ORS 656.295(8) reads as follows:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298. * * *"