# EAST McANDREWS NEIGHBORHOOD ASSOCIATION,
*Petitioner,*

*v.*

# CITY OF MEDFORD
and John Schleining,
*Respondents.*

(LUBA 90-047; CA A66175)

800 P2d 308

Diane Spies, Lake Oswego, argued the cause for petitioner. With her on the brief was Diane Spies & Associates, Lake Oswego.

John R. Hassen, Medford, argued the cause for respondent Schleining. With him on the brief were Daniel C. Thorndike, Blackhurst, Hornecker, Hassen & Thorndike and Ervin B. Hogan, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner East McAndrews Neighborhood Association (association) seeks review of LUBA's dismissal, for lack of standing, of its appeal from a land use decision by the City of Medford.

■    Respondent Schleining[1] moved to dismiss the petition on the ground that the petition does not show proof of service on LUBA.[2] ORS 197.850(4) requires copies of the petition to be served on LUBA and all parties of record in the LUBA proceeding. *See also* ORAP 4.15(5)(a); ORAP 4.62. However, ORS 197.850(3)(b) provides:

> "Filing of the petition, as set forth in paragraph (a) of this subsection, and *service of a petition on all persons identified in the petition as adverse parties of record in the LUBA proceeding is jurisdictional* and may not be waived or extended." (Emphasis supplied.)

Failure to serve LUBA is not a jurisdictional defect under the statute. The motion is denied, and we turn to the merits.

■  ·    ORS 197.830(2)(b), the relevant standing section, provides that a person may petition LUBA for review of a local government's land use decision, if the person "[a]ppeared before the local government * * * orally or in writing." *See also* ORS 197.830(11)(a). The association is the only person or entity that the petition designates as a petitioner. There is no evidence that it, as an entity, appeared in the local proceedings. The association contends that some of its members did make appearances and that it, therefore, has "representational" standing. However, nothing in the record identifies any of the persons who appeared before the city as members of the association.

The association argues that it is comprised of its members, that they appeared and could have standing and that it should be accorded standing "to protect the inherent

---

[1] The city has waived appearance pursuant to ORAP 2.15(4)(b). We use the term "respondent" to refer to Schleining only.

[2] Before submission of the case, we denied the motion with leave to renew it in respondent's brief and at oral argument.

rights of its members." However, there is simply no evidence to establish the essential underlying facts for that argument.[3]

Affirmed; motion to dismiss denied.

---

[3] The association argues that it submitted to LUBA a supplemental memorandum, with supporting affidavits, that identifies some of its members. However, LUBA refused to consider that evidence, and the association does not assign that ruling as error.