234

Argued and submitted December 18, 1991, affirmed May 27, 1992

In the Matter of the Compensation of
Emma G. Mosley, Claimant.

Emma G. MOSLEY,
*Petitioner,*

*v.*

SACRED HEART HOSPITAL;
SAIF Corporation; Oregon Medical Labs;
Connecticut Indemnity Co.;
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 90-12032, 89-25360, 90-08108; CA A69125)

831 P2d 721

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief was Allan H. Coons, Eugene.

Steven R. Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents Sacred Heart Hospital and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lin Zimmerman, Portland, argued the cause for respondents Oregon Medical Labs and Connecticut Indemnity Co. With him on the brief was Beers, Zimmerman, Rice, Isaacs & Nielsen, Portland.

No appearance by respondent Liberty Northwest Insurance Corporation.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of the Board's dismissal of her request for review of the referee's order in a consolidated proceeding about three contested denials. The Board held that claimant had not complied with ORS 656.295(2), because she failed to send copies of the request for Board review to all parties to the proceeding before the referee. We affirm.

Claimant was employed by Sacred Heart Hospital (Sacred Heart), which was then insured by SAIF. On November 11, 1980, she stepped on a syringe and twisted her right leg. She filed a form 801 that indicated that the injury was a "turned ankle and knee." The claim was accepted on November 25, 1980. In January, 1981, she experienced hip pain; radiographic studies revealed that claimant had moderate osteoarthritis and degenerative sclerosis. The ankle and knee claim was closed by a determination order on January 4, 1982, which awarded 10 percent unscheduled permanent partial disability "related to claimant's lower back." Claimant continued to receive periodic diagnosis and treatment of her hip and right leg symptoms. She continued to work for Sacred Heart until 1986, when she began working for Oregon Medical Laboratory (OML). Her hip continued to degenerate until 1990, when she had hip replacement surgery.

Claimant filed a claim against Sacred Heart for her hip condition, asserting that her 1980 claim should be reopened because of an aggravation. SAIF denied the claim and moved to join Liberty Northwest Insurance Corporation (Liberty), Sacred Heart's subsequent insurer in 1990, based on *Runft v. SAIF*, 303 Or 493, 739 P2d 12 (1987). Liberty issued a denial. Claimant also filed a claim against OML, and OML issued a denial. Claimant requested a hearing on all 3 denials, and the cases were consolidated for hearing. The referee found that claimant's pre-existing degenerative arthritis was the major cause of her need for treatment of her right hip and that her work activities had minor, if any, impact on her need for hip replacement surgery. Moreover, the referee found that Sacred Heart had not previously accepted claimant's right hip condition and rejected claimant's contention that her hip condition was an occupational

disease related to her work activities at Sacred Heart and OML.

■ Claimant sought Board review but served notice only on Sacred Heart. No timely notice was sent to OML or its insurer. Relying on *Zurich Ins. Co. v. Diversified Risk Management*, 300 Or 47, 706 P2d 178 (1985), the Board dismissed claimant's request for review, because not all of the parties to the proceeding before the referee had received timely notice. Claimant contends that she only needed to serve Sacred Heart, because she was appealing only her claim for payment of additional medical services by Sacred Heart. She was not contesting the issue of responsibility, so OML was not a party, because claimant did not assert on review that her work exposure after 1986 played a contributing role in her need for treatment.

ORS 656.295(2) provides:

> "The requests for review shall be mailed to the board and copies of the request shall be mailed to *all parties to the proceeding before the referee*." (Emphasis supplied.)

ORS 656.005(20) provides:

> " 'Party' means a claimant for compensation, the employer of the injured worker at the time of injury and the insurer, if any, of such employer."

A party requesting Board review cannot limit the scope of that review by seeking review of only selected cases out of a group consolidated in the same proceeding before the referee, because an appeal is for Board review of a referee's order, not just particular claims. OML was a party to the referee's order, so it was a party on review. The plain language of the statute requires that OML be served.

■ Under ORS 656.295(5) and (6), the Board has *de novo* review authority to decide all matters arising from the record. Because claimant did not give notice to all parties, the Board did not err in dismissing her request for review.

Affirmed.