Argued and submitted September 10, motions to dismissed denied; affirmed
November 3, 1993

Paul CHOBAN,
*Petitioner,*

*v.*

WASHINGTON COUNTY
and Washington County Department of
Land Use and Transportation,
*Respondents.*

(90-113; CA A80768)

862 P2d 536

John M. Wight argued the cause and filed the brief for petitioner.

David Noren, Assistant County Counsel, argued the cause for respondent Washington County. With him on the brief was John M. Junkin, Washington County Counsel.

Dan R. Olson, Chief Assistant County Counsel, argued the cause for respondent Washington County Department of Land Use and Transportation. With him on the brief was John M. Junkin, Washington County Counsel.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

## WARREN, P. J.

Petitioner seeks review of LUBA's order affirming in part and remanding in part respondent Washington County's decision approving an application by respondent Washington County Department of Land Use and Transportation to construct a road across a floodplain.

Both respondents have moved to dismiss the petition for judicial review on the ground that petitioner did not serve the petition on them by registered or certified mail, as required by ORS 197.850(4). Respondents do not contend that they did not receive actual service within the period allowed by ORS 197.850(3). They argue only that the failure to follow the prescribed method of service is a jurisdictional defect.

ORS 197.850 provides, in part:

"(3)(a)  Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b)  Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended.

"(4)  The petition shall state the nature of the order the petitioner desires reviewed. Copies of the petition shall be served by registered or certified mail upon the board, and all other parties of record in the board proceeding."

Respondents understand the *method* of service described in subsection (4) to be incorporated into the jurisdictional requirements of subsection (3)(b), although the latter provision by its terms makes only the *fact* of service jurisdictional. That understanding of the statute is not borne out by the pertinent authority. In *East McAndrews Neighborhood v. City of Medford*, 104 Or App 280, 800 P2d 308 (1990), *rev den* 311 Or 150 (1991), we denied the respondent's motion to dismiss, which was made on the ground that the petitioner had not served the petition on LUBA, as required by ORS

197.850(4). We concluded that ORS 197.850(3), the subsection that specifies what is jurisdictional, refers to service on adverse parties as a jurisdictional requirement, but does not state that the failure to serve LUBA pursuant to subsection (4) is a jurisdictional defect.

In this case, respondents are "adverse parties." *East McAndrews* is nevertheless on point. Its rationale is that requirements that are set forth in subsection (4), but that do not also appear in subsection (3), are not jurisdictional necessities under the statute. Like the requirement of service on LUBA, the specification that service is to be by registered or certified mail appears in subsection (4), and is not included in subsection (3).

Respondents' argument is also contrary to Oregon Supreme Court cases construing analogous statutes. In *Stroh v. SAIF*, 261 Or 117, 118, 492 P2d 472 (1972), the court defined the question before it as being "whether the circuit court acquires jurisdiction if the notice required by ORS 656.298(3) is sent and received by ordinary mail rather than by registered or certified mail." At the time, ORS 656.298(3) provided, in relevant part:

> "The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board and on the other parties who appeared in the review proceedings, and by filing with the clerk of the circuit court the original notice of appeal with proof of service indorsed thereon."

The court concluded in *Stroh*:

> "The effect of the statute is to make a notification by registered or certified mail effective even though it is not received. But it does not follow that the failure to certify or register the notification renders it ineffective where it is actually received by the noticee. If the statute is not complied with, the rule is the same as it is where there is no statute providing for notice by mail. As we noted above, in such case, although the deposit of the notification in the mail is not effective in itself, the receipt of the notification constitutes legal notice.
>
> "In the present case if the interested parties had not actually received the mailed notification, plaintiff's failure to send by certified or registered mail would have conclusively established that legal notice had not been given. Proof that

plaintiff had mailed the notification would be irrelevant. But the evidence establishes that the notification sent by plaintiff was actually received. Under these circumstances the notice requirement was satisfied." 261 Or at 120. (Footnote omitted.)

Unlike ORS 197.850(3), ORS 656.298(3) does not expressly use the word "jurisdictional." However, in *Zurich Ins. Co. v. Diversified Risk Management*, 300 Or 47, 706 P2d 178 (1985), the court construed the requirement of service on the parties in ORS 656.298(3) as being jurisdictional.[1] The court in *Zurich* also discussed *Stroh* and found it to be distinguishable, because the claimant in *Zurich* had not given timely actual notice to the opposing party. However, *Zurich* does not disturb *Stroh* as authority, and appears to reaffirm it. The opinion in *Zurich* concludes:

"The requirements of ORS 656.298(3) are jurisdictional and [the opposing party] did not get actual notice *or* notice by registered or certified mail within [the allowable time]." 300 Or at 51. (Emphasis supplied.)

The service in this case fits precisely within the *Stroh* rule. We deny the motions to dismiss. On the merits, we affirm LUBA's decision without discussion.

Motions to dismiss denied; affirmed.

**EDMONDS, J.,** dissenting.

The majority relies on *East McAndrews Neighborhood v. City of Medford*, 104 Or App 280, 800 P2d 308 (1990), *rev den* 311 Or 150 (1991), as authority for rejecting respondents' argument that the failure of petitioner to serve them by registered or certified mail is a jurisdictional defect. In that case, the respondent moved to dismiss the petition on the ground that it did not show proof of service on LUBA. We held that the failure to serve LUBA was not a jurisdictional defect under ORS 197.850(3)(b), which provides:

---

[1] The statute had been amended between the times of the decisions in *Stroh* and in *Zurich*, but not in respects that were pertinent to the issues in those cases or in this one.

The dissent suggests that that statute differs from ORS 197.850, in that the latter specifies the method of service and makes service jurisdictional. We disagree with that distinction. ORS 656.298(3) also specifies the method of service and the court in *Zurich* held that the requirements of ORS 656.298(3) are also jurisdictional.

"Filing of the petition as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the [LUBA] proceeding is jurisdictional and may not be waived or extended."

Our holding was correct, because the statute on its face does not require that the petition show proof of service on LUBA as a jurisdictional requirement, or that LUBA was an "adverse party" within the meaning of the statute. Contrary to the majority's suggestion, *East McAndrews Neighborhood v. City of Medford, supra,* is not on point.

Here, the question is whether the failure to serve the petition on *adverse parties* by registered or certified mail is a jurisdictional defect. The issue requires us to construe ORS 197.850(3)(b) and ORS 197.850(4). Our authority to construe those statutes is limited by ORS 174.010, which provides, in part:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained there, not to insert what has been omitted, or to omit what has been inserted[.]"

ORS 197.850(3)(b) expressly provides that service of a petition on all "adverse parties of record" is "jurisdictional and may not be waived or extended." Petitioner agrees that respondents are adverse parties. ORS 197.850(4) mandates how copies of the petition shall be served on adverse parties so that jurisdiction is acquired. The majority's assertion that ORS 197.850(3) does not make the failure to serve a copy of the petition on adverse parties of record by registered or certified mail a jurisdictional defect is contrary to the express language of the statutes. The majority suggests that somehow subsection (3)(b) should be read apart from subsection (4). It is an axiom of statutory construction that statutes about the same subject must be construed with reference to each other. *Multnomah County v. Luihn et al.,* 180 Or 528, 178 P2d 159 (1947). That principle is particularly applicable here, because the legislature has told us in subsection (3)(b) that service on adverse parties is a jurisdictional requirement, and then tells us in section (4) how service is to be accomplished.

The majority's reliance on *Zurich Ins. Co. v. Diversified Risk Management*, 300 Or 47, 706 P2d 178 (1985), and *Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972), is similarly misplaced. The statutes at issue in those cases did not make service by registered or certified mail expressly "jurisdictional," as does ORS 197.850(3)(b). There, the court held that jurisdiction was accomplished because of actual notice. In the absence of express language to the contrary, nothing restricted the court from construing those statutes to contemplate the acquisition of jurisdiction by other than registered or certified mail. ORS 197.850 is different from the statutes involved in those cases, because the legislature has expressly declared how service is to occur, and that the failure to serve in that manner is a jurisdictional defect. Such a declaration is within the legislature's prerogative, and this court is without authority to expand the statute to authorize the acquisition of jurisdiction over an adverse party of record by other methods of service.

For these reasons, I dissent. The motions to dismiss should be allowed.