Argued and submitted December 20, 1995, petitioner's motion denied; respondent's motions to dismiss allowed; petition for judicial review dismissed January 17, 1996

David A. BREMER,
*Petitioner,*

*v.*

JOSEPHINE COUNTY,
*Respondent,*

*and*

Norman C. WINGERD
and B. David Wingerd,
*Intervenors-Respondents.*

(95-079; CA A90517)

909 P2d 896

Mark Chasse argued the cause for petitioner. With him on the brief was Charles Swindells.

Steve C. Morasch argued the cause for intervenor-respondent Norman C. Wingerd. With him on the brief was Schwabe, Williamson & Wyatt.

No appearance for respondent Josephine County.

No appearance for intervenor-respondent B. David Wingerd.

Before De Muniz, Presiding Judge, and Haselton and Armstrong, Judges.

De MUNIZ, P. J.

## De MUNIZ, P. J.

■ Petitioner seeks review of various land use decisions by Josephine County for which respondents Norman C. Wingerd (Norman) and B. David Wingerd (David) applied. Respondents move to dismiss the petition for judicial review on the ground that it was not served in accordance with statutory requirements and, therefore, we lack jurisdiction. We agree with respondents and dismiss the petition.

ORS 197.850(3) and (4) provide:

"(3)(a) Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b) Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended.

"(4) The petition shall state the nature of the order the petitioner desires reviewed. Copies of the petition shall be served by registered or certified mail upon the board, and all other parties of record in the board proceedings."

Succinctly stated, petitioner mailed Norman's service copy of the petition to David and David's to Norman. One lives in California and the other in Virginia. Neither received the mailing or obtained actual notice of the petition within the 21-day period after LUBA's decision that the statute allows for petitioning to this court. Petitioner did not send the copies by registered or certified mail.

■ Petitioner relies on *Choban v. Washington County*, 124 Or App 213, 862 P2d 536 (1993), where we held that the registered or certified mail requirement is not in itself jurisdictional. In *Choban*, the respondents received timely actual notice that the petition had been filed. We quoted from and analogized the situation to *Zurich Ins. Co. v. Diversified Risk Management*, 300 Or 47, 51, 706 P2d 178 (1985), and concluded that service under the statute is not jurisdictionally defective unless the respondents "did not get actual notice *or* notice by registered or certified mail within [the allowable

time]." *Choban,* 124 Or App at 217 (emphasis and bracketed material in original; internal quotation marks omitted). In this case, petitioner did not meet either prong of the test, and he has failed to satisfy the jurisdictional statutory service requirement.

Petitioner has moved to strike all or parts of the motions to dismiss. His motion is denied.

Petitioner's motion to strike denied; respondents' motions to dismiss allowed; petition for judicial review dismissed.