Argued and submitted April 30, petition for judicial review dismissed
June 25, 1997

Darryl C. RAY,
Katherine Ray, Carol Beck, Delmar Beck,
David Compton, Meredith Compton,
C. Eldon Fisher, Eugene H. Fisher,
Richard Holcomb and Carol Whipple,
*Petitioners,*

*v.*

DOUGLAS COUNTY,
Norman Yard and Vivian L. Yard,
*Respondents.*

(LUBA No. 95-237; CA A96466)

941 P2d 558

James S. Coon argued the cause for petitioners. With him on the brief was Swanson, Thomas & Coon.

Paul E. Meyer, Assistant County Counsel, argued the cause and filed the brief for respondent Douglas County.

Stephen Mountainspring argued the cause for respondents Norman Yard and Vivian L. Yard. With him on the brief was Dole, Coalwell & Clark, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's decision remanding Douglas County's approval of Yards' (respondents) application for a conditional use permit to operate a recreational vehicle campground. We hold that we lack jurisdiction and dismiss the petition for judicial review.

ORS 197.850(3) provides:

"(a)  Jurisdiction for judicial review of proceedings under [the LUBA statutes] is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 21 days following the date [LUBA] delivered or mailed the order upon which the petition is based.

"(b)  Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the [LUBA] proceeding is jurisdictional and may not be waived or extended."

ORS 197.850(4) requires service on the other parties to the LUBA proceeding to be made "by registered or certified mail."

■    We have interpreted ORS 197.850(3) and (4) as establishing a jurisdictional requirement that, within the 21-day period, the petitioner must either (1) mail the service copy of the petition to the adverse party by registered or certified mail, or, (2) in the event of noncompliance with that requirement, succeed by other means in providing actual notice of the petition to the adverse party. *Bremer v. Josephine County*, 138 Or App 511, 909 P2d 896 (1996); *Choban v. Washington County*, 124 Or App 213, 862 P2d 536 (1993).

■    Here, LUBA made its decision and mailed the order to the parties on February 6, 1997. Because LUBA was concerned that the order had not been sent to one of the parties other than petitioners, it mailed the order to all of the parties again on February 12. Whether or not *any* party had *in fact* been omitted from LUBA's February 6 mailing, it is agreed that that mailing was sent to and received by petitioners. The

order sent by LUBA on February 12 was materially identical to the one sent on February 6. Petitioners filed a petition for judicial review by this court on February 27. Petitioners mailed the service copy of their petition to respondents *by ordinary mail*, and respondents did not receive or have knowledge of it until February 28, the 22nd day after the first mailing of LUBA's order.

Respondents moved to dismiss the petition, contending that we lack jurisdiction because of the untimely service. We denied the motion by order, with leave to renew. Respondents have renewed the motion in their brief. Petitioners' only argument for denying the motion is that LUBA's February 12 mailing started a new clock running, that it "is [of] the decision mailed February 12, 1997 that petitioners seek review," and that the filing and service were timely if dated from February 12.

We disagree with petitioners. The fact that LUBA mailed the order to them twice does not alter the facts that it was one and the same order, that they seek review of that order, and that all of the prerequisites to their invocation of our jurisdiction were complete when LUBA mailed the order to them on February 6. That is the date on which the time for seeking judicial review began, and petitioners did not satisfy the jurisdictional requirements of ORS 197.850 within 21 days following it.[1]

Petition for judicial review dismissed.

---

[1] We do not decide here whether the time for petitioning would be delayed as to a party to whom the original order was *not* delivered or mailed.