Argued and submitted August 25, judicial review dismissed September 27, 2006

## FRIENDS OF BULL MOUNTAIN
and Lisa Hamilton-Treick,
*Petitioners,*

*v.*

## CITY OF TIGARD
and D.R. Horton, Inc.,
*Respondents.*

2006-005; A132631

144 P3d 965

Lawrence R. Derr argued the cause and filed the brief for petitioners.

Timothy V. Ramis argued the cause and filed the brief for respondent City of Tigard.

Roger A. Alfred argued the cause for respondent D.R. Horton, Inc. With him on the brief were Michael C. Robinson, Marc E. Jolin, and Perkins Coie LLP.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.*

* Ortega, J., *vice* Richardson, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA). Respondent D.R. Horton, Inc. (Horton) moves to dismiss on the ground that the petition for judicial review was untimely filed. We grant the motion and dismiss the judicial review.

The facts pertinent to the disposition of the motion are not in dispute. The City of Tigard approved an ordinance that annexes certain property. Petitioners appealed to LUBA arguing that, among other things, the city's annexation ordinance was based on consent of the property owners and electors that had been improperly obtained. LUBA issued a final order on May 25, 2006, rejecting petitioners' contention that the consents to annexation had been unlawfully obtained. LUBA mailed the order to the parties on the same date. On the cover sheet of that order, however, there appears the line: "REMANDED 05/25/2005." Five days later, on May 30, 2006, LUBA issued a corrected final order with the date corrected, so that it now reads "REMANDED 05/25/2006." LUBA mailed that corrected final order on May 30, 2006. LUBA did not, however, withdraw the original final order.

On June 15, 2006, petitioners served a petition for judicial review of LUBA's final order. It was served by certified mail on LUBA, but it was sent by first class mail to the Oregon Attorney General and counsel for respondents. On June 16, 2006, Horton received the service copy of the petition for judicial review.

Petitioners filed a brief, which assigns error to LUBA's determination that the city had not unlawfully obtained consent to the annexation. Horton filed a motion to dismiss the petition on the ground that it was not served on all parties within 21 days of the mailing of LUBA's order, as required by ORS 197.850. Horton notes that it received the service copy of the petition on June 16, 2006, which is 22 days after LUBA mailed its order. Petitioners acknowledge that, if the petition is not sent by certified mail, it must be received within 21 days of the mailing of the LUBA order that is the subject of the petition. Petitioners argue that, in this case, the LUBA order that is the subject of their petition is the *second*

order, which was not mailed until May 30, 2006. Petitioners note that Horton received the petition well within 21 days of the mailing of that second order.

ORS 197.850 provides, in part:

"(3)(a)  Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for judicial review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b)  Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended.

"(4)  The petition shall state the nature of the order the petitioner desires reviewed. Copies of the petition shall be served by registered or certified mail upon the board, and all other parties of record in the board proceeding."

Although the statute provides that copies of the petition shall be served by registered or certified mail, we have previously held that service by regular mail nevertheless is timely if the petition is actually received within the 21-day period. *Bremer v. Josephine County*, 138 Or App 511, 513-14, 909 P2d 896 (1996).

In this case, it is undisputed that Horton received the petition on June 16, 2006. Whether Horton received the petition within the statutory 21-day period depends on when the statutory period commenced. Horton argues that the 21-day period commenced when LUBA sent the first final order, on May 25, 2006. Petitioners argue that the 21-day period commenced when LUBA sent the second final order, on May 30, 2006.

The statute provides that the 21-day period commences "the date the board delivered * * * the order upon which the petition is based." ORS 197.850(3)(a). In *Ray v. Douglas County*, 148 Or App 511, 941 P2d 558 (1997), we

addressed the meaning of that phrase in circumstances similar to those now before us. In *Ray*, LUBA issued a final order on February 6, 1997. Because LUBA was concerned that the order may not have been sent to all of the parties, LUBA re-sent the same order a second time, six days later. The petitioners mailed a petition for judicial review by certified mail on February 27, 1997, which was 21 days from the date that LUBA had first mailed the order. But the petitioners served the petition on the respondents by ordinary mail, and the respondents did not receive that mailing until Feburary 28, 1997, which was 22 days from the first mailing of LUBA's order. The respondents moved to dismiss on the ground that service on them was untimely. The petitioners argued that the issuance of LUBA's second order started a new clock running and that their petition had been filed well within 21 days of the mailing of that second order.

We granted the motion to dismiss. We explained that "[t]he fact that LUBA mailed the order to [petitioners] twice does not alter the facts that it was one and the same order, that they seek review of that order, and that all the prerequisites to the invocation of our jurisdiction were complete when LUBA mailed the order to them on February 6." *Id.* at 514.

In this case, as in *Ray*, LUBA sent the same order twice. And, as in *Ray*, all the prerequisites to the invocation of our jurisdiction were complete when LUBA mailed the order the first time. It necessarily follows that, as in *Ray*, petitioners in this case untimely filed their petition for judicial review.

Petitioners insist that *Ray* is distinguishable because, in this case, LUBA did not send the same order twice. According to petitioners, the first order included an incorrect date of issuance, which they argue is a "material matter" that bears on the very issue at stake in the motion to dismiss, namely, the date the statutory 21-day period begins to run.

We are not persuaded that the correction of the typographical error as to the date of LUBA's order is "material." It certainly is not material to the substance of any issues raised on review, none of which pertain to the date of LUBA's order.

Nor is it material to the question whether the petition for judicial review was timely filed. The statute plainly provides that the 21-day period within which to file a petition for judicial review begins to run on "the date the board *delivered or mailed* the order upon which the petition is based," whether that order was dated correctly or not.

We conclude that the correction of the typographical error concerning the date of issuance did not alter the deadline within which petitioners were obliged to file their petition for review. *See 1000 Friends of Oregon v. LCDC (Clatsop Co.)*, 301 Or 622, 631-32, 724 P2d 805 (1986) ("[A]n order correcting only minor factual clerical errors that were not germane to a determination that is the subject of the final order cannot extend the period of review of the final order.").

Judicial review dismissed.