No. 65      January 31, 2024      521

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ZIP-O-LAMINATORS LLC,
*Petitioner,*

*v.*

CITY OF EUGENE,
*Respondent.*

Land Use Board of Appeals
2023017; A182565

On respondent's amended motion to dismiss filed November 3, 2023, and petitioner's response to amended motion to dismiss filed November 8, 2023; submitted December 11, 2023.

Micheal M. Reeder and Law Office of Mike Reeder filed the brief for Petitioner.

Emily N. Jerome and City of Eugene filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Motion to dismiss granted; appeal dismissed.

**MOONEY, J.**

The Eugene City Council adopted Ordinance No. 20680 on January 23, 2023. Petitioner appealed the council's adoption of that ordinance by filing a petition for review with the Land Use Board of Appeals (LUBA). The city moved to dismiss that appeal arguing that its adoption of the ordinance was not a land use decision and, therefore, LUBA was without jurisdiction to review the city's decision. LUBA agreed with the city and granted its motion to dismiss. It signed its final opinion and order dismissing the appeal on September 29, 2023, and transmitted copies of that opinion and order to the parties' attorneys by regular mail and email that same date.

On October 20, 2023, petitioner timely filed its petition for judicial review of the final opinion and order issued by LUBA. On that same day, petitioner transmitted service copies of its petition to the city by certified mail using an out-of-date address for the city attorney. On November 1, 2023, petitioner mailed a service copy of the petition to the city using the city attorney's correct address. The city thereafter filed a motion to dismiss the petition for judicial review, arguing that petitioner failed to comply with the jurisdictional requirements of ORS 197.850.[1] The city argues that although the petition was filed with the Court of Appeals in a timely manner, petitioner did not timely serve the city with a copy or otherwise provide it with actual notice of the petition. Petitioner opposes dismissal, arguing that ORS 197.850 does not impose the same 21-day time limitation on

---

[1] ORS 197.850 provides, as relevant:

"(3)(a) Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for judicial review are instituted by filing a petition in the Court of Appeals. The petition must be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b) Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended.

"(4) The petition must state the nature of the order the petitioner desires reviewed. Copies of the petition must be served by first class, registered or certified mail on the board and all other parties of record in the board proceeding."

service that it imposes on the filing of the petition. But petitioner's position is foreclosed by *Ray v. Douglas County*, 148 Or App 511, 941 P2d 558 (1997), in which we acknowledged that

> "[w]e have interpreted ORS 197.850(3) and (4) as establishing a jurisdictional requirement that, within the 21-day period, the petitioner must either (1) mail the service copy of the petition to the adverse party by registered or certified mail, or, (2) in the event of noncompliance with that requirement, succeed by other means in providing actual notice of the petition to the adverse party."

*Id.* at 513.

Motion to dismiss granted; appeal dismissed.